UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRED VICTOR TALAMINI,

Plaintiff,

v.

SANTA CLARA COUNTY SHERIFFS DEPARTMENT, et al.,

Defendants.

Case No. 17-cv-04667-HSG (PR)

**ORDER OF DISMISSAL WITH PARTIAL LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, an inmate at the Santa Clara County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed *in forma pauperis* in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A. For the reasons stated below, the complaint is dismissed with leave to amend.

## DISCUSSION

### I. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. Legal Claims

Plaintiff alleges that Santa Clara County sheriff's deputies Eric Oyster and Derek Koupal wrongfully arrested him and removed him from a home in Saratoga, California. According to plaintiff, he had been living in the home with permission of the owner. Plaintiff names as defendants Santa Clara County sheriff supervisor Leonardo Gonzalez along with deputies Oyster and Koupal. He also names the homeowner's son, Steve Gullickson, who plaintiff claims initiated the arrest by calling the sheriff's office to accuse plaintiff of trespassing. Plaintiff seeks money damages and asks that his rights to residency be re-established.

The allegations of the complaint suggest that the *Heck* rule applies to this case, but plaintiff has not provided sufficient information for the court to make that determination. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that in order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid. *See id.* at 486-87. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under Section 1983. *Id.* at 487. Such a damages claim will not be barred under *Heck* if the plaintiff has not yet been convicted, however. *See Wallace v. Kato*, 549 U.S. 384, 393 (2007) (*Heck* does not encompass the principle that "an action which would impugn an anticipated future conviction cannot be brought until that

conviction occurs and is set aside.") Nonetheless, the claim should not go forward if the plaintiff's criminal proceedings are still pending; rather, the court can "stay the civil action until the criminal case or the likelihood of a criminal case is ended." *See id.* at 394.

The fact that plaintiff was in detention at the Santa Clara County Jail at the time he filed the complaint suggests that plaintiff may have been charged for a crime as a result of the actions leading to his allegedly false arrest. If that is the situation, plaintiff needs to allege those facts and also needs to provide information as to whether the criminal charges are still pending, resulted in a conviction, or resulted in a dismissal. The absence of information about the reason for his arrest and the crime of which he has been charged or convicted prevent this Court from determining whether the complaint states a claim for relief, whether it is barred by *Heck*, and/or whether it must be stayed under *Wallace*. Accordingly, the complaint will be dismissed with leave to amend. In his amended complaint, plaintiff must identify the crime for which he has been charged or convicted.

Although plaintiff names supervisor Gonzalez as a defendant, he provides no facts whatsoever linking this defendant to plaintiff's allegations of wrongdoing. Plaintiff is advised that supervisory personnel are generally not liable under § 1983 for the actions of their employees. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor may be liable only on a showing of (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). Plaintiff is given leave to amend to add such allegations, if he truthfully can do so.

Finally, the homeowner's son, Steve Gullickson, is not a proper defendant. A private individual or organization does not act under color of state law, an essential element of a Section 1983 action. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under Section 1983. *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974). Simply put: there is no right to be free from the infliction of constitutional deprivations by private actors. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835

(9th Cir. 1996). Accordingly, defendant Gullickson is DISMISSED with prejudice. Plaintiff may pursue his claim for residency rights against Gullickson in state court.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Defendant Steve Gullickson is DISMISSED with prejudice. The Clerk shall terminate him as a defendant on the court docket.

2. Plaintiff's remaining claims are dismissed with leave to amend.

3. Within **twenty-eight (28) days** from the date of this Order, plaintiff shall file an amended complaint to cure the deficiencies noted above, if he truthfully can do so. Plaintiff shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 17-4667 HSG (PR), and the heading "AMENDED COMPLAINT." Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original complaint by reference. **Failure to file the amended complaint by the deadline will result in the dismissal of the action.**

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of the Court shall provide plaintiff with a blank civil rights complaint form.

**IT IS SO ORDERED.**

Dated: 1/17/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge